```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ANGELO RANDOLPH,                   )
               Plaintiff           )
                                   )
     vs.                           ) Civil Action No. 05-58
                                   ) Judge Joy Flowers Conti/
PITTSBURGH POLICE DEPT.; OFFICER   ) Magistrate Judge Amy Reynolds Hay
JOSEPH LEWIS, #3803; OFFICER       )
JERRY KABAJA, 3828,                )
               Defendants          )
```

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the complaint in the above-captioned case (Docket No. 6) be dismissed for failure to prosecute.

II.  Report

The plaintiff has presented a civil rights complaint against two City of Pittsburgh police officers and the Police Department. In his complaint, plaintiff alleges that Officer Lewis used excessive force to effect plaintiff's arrest, that Officer Kabaja conspired with Lewis to misrepresent the facts surrounding the arrest to justify the use of deadly force, and that the Police Department unjustly supported the use of deadly force under the circumstances, in violation of plaintiff's constitutional rights.

On October 31, 2005, this Court issued an order directing plaintiff to show cause why the action should not be dismissed for plaintiff's failure to submit the initial filing fee of $15.17 as per the Court's Order dated April 14, 2005. Plaintiff's copy of the October 31st Order was returned to the Court with an indication that the plaintiff had been released from jail. Since his apparent release from jail, plaintiff has failed to notify the Court of his whereabouts or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense. Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Order to submit the initial filing fee and his failure to notify the Court that he was no longer incarcerated, which weigh heavily against him. These failures were not only solely plaintiff's personal responsibility but his failure to do so even eight months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- since service of process has not been effected there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. However, because he has failed to notify the Court of his change of address so that the case may go forward and because he has failed to submit the requisite filing fee, it appears that the plaintiff has no serious interest in

3

pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                Respectfully submitted,

                /s/   Amy Reynolds Hay
                AMY REYNOLDS HAY
                United States Magistrate Judge

Dated:   3 January, 2006

cc:  Angelo Randolph
     42366
     Allegheny County Jail
     950 Second Avenue
     Pittsburgh, PA 15219